**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SCOTT R. ZABRISKIE,**

**Plaintiff,**

-vs-                                                                                    **Case No.  6:10-cv-70-Orl-19KRS**

**CITY OF KISSIMMEE, JOHN DOES NOS.**
**1-5,**

**Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1.      Motion to Dismiss Plaintiff's Amended Complaint by City of Kissimmee (Doc. No. 27, filed

July 27, 2010); and

2.      Objection to Defendants' Motion to Dismiss by Scott R. Zabriskie (Doc. No. 31, filed Aug.

20, 2010).

**Background**

The present action arises out of the arrest of Scott Zabriskie.  On January 13, 2006, Zabriskie

visited a parking lot near 3405 Highway 192 in Kissimmee, Florida.[1]  (Doc. No. 22 ¶ 13, filed June

7, 2010.)  Zabriskie alleges that police officers approached him in the parking lot, roughly seized him

without any warning, and arrested him without probable cause.  (*Id*. ¶¶ 15-16.)  Following his arrest,

_____

[1] The facts are recited for contextual purposes only and are set forth in the light most favorable
to the Plaintiff.

Zabriskie was held at the Osceola County Jail for several weeks before the charges against him were voluntarily dismissed. (*Id.*)

Zabriskie, proceeding *pro se*, filed an eight-count Amended Complaint against the City of Kissimmee, a/k/a Kissimmee Police Department, and John Does Nos. 1-5 (collectively "Defendants"). (*Id.*) Counts I through IV assert claims against the Defendants under 42 U.S.C. § 1983 for violations Zabriskie's First, Fourth, Fifth, and Fourteenth Amendment rights. (*Id.*) Counts V through VIII[2] assert state law claims of false imprisonment, negligence, negligent supervision, and intentional infliction of emotional distress. (*Id.*)

On July 27, 2010, the City of Kissimmee ("the City") filed the present Motion to Dismiss arguing that Zabriskie's Fifth and Fourteenth Amendment claims should be dismissed because the Fifth Amendment does not apply to the City and because Zabriskie was accorded all of the process he was due. (*Id.* at 1.) The City further contends that the factual allegations in the Amended Complaint are insufficient to sustain the intentional infliction of emotional distress claim and that Zabriskie may not recover punitive damages against the City. (*Id.*)

### Standard of Review

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor*

---

[2]   The Amended Complaint sets forth two counts entitled "Count VII." The first Count VII alleges a claim for negligent supervision, (Doc. No. 22 ¶¶ 52-55), while the second Count VII alleges a claim for intentional infliction of emotional distress, (*Id.* ¶¶ 56-58). In this Order, the Court will refer to the second Count VII as Count VIII.

*Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true."  *Tellabs, Inc.*, 551 U.S. at 323.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'"  *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citation omitted).  As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).  On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.  *Id.* at 1950-51.

## Analysis

### I.  Counts I, II, and IV - Fifth Amendment Violations

In Counts I, II, and IV, Zabriskie asserts claims under 42 U.S.C. § 1983 for violations of his Fifth Amendment rights.  (Doc. No. 22.)  In its Motion to Dismiss, the City argues that these Counts are improperly asserted under the Fifth Amendment because the Fifth Amendment restrains only the federal government from denying an individual due process of law.  (Doc. No. 27 at 1.)  In response, Zabriskie contends that the City fails to provide any authority supporting its position that the Fifth Amendment does not apply to the present action.  (*Id*. at 4-5.)

It is well settled that the Fifth Amendment restrains only the federal government from denying an individual due process of law.[3]  *Barron v. Baltimore*, 32 U.S. 243, 250-51 (1833); *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The Fifth Amendment of the United States Constitution restrains the federal government, and the Fourteenth Amendment, Section 1, restrains the states from depriving any person of life, liberty or property without the due process of law.").  The City is a municipality incorporated under the laws of the State of Florida.  *See* Fla. Stat. § 165.041.  Consequently, the Fifth Amendment does not apply to the City, and Counts I, II, and IV will be dismissed to the extent they allege that the City violated Zabriskie's Fifth Amendment rights.

### II. Counts I through IV - Fourteenth Amendment Violations

In Counts I through IV, Zabriskie asserts claims under 42 U.S.C. § 1983, contending that the Defendants violated his Fourteenth Amendment rights.  (Doc. No. 22 ¶¶ 26-42.)  The City argues that Zabriskie fails to state a claim for relief under the Fourteenth Amendment because the Amended

---

[3]  The Fifth Amendment of the United States Constitution states that no person shall be "deprived of life, liberty or property without the due process of law . . . ."  U.S. Const. amend. V.

Complaint does not allege that Zabriskie was deprived of his procedural due process rights following his arrest with probable cause. (*Id*. at 3-4.) The City further contends that any conceivable claim for substantive due process must be dismissed as a matter of law because the allegations in the Amended Complaint do not set forth violations of Zabriskie's fundament rights. (*Id*. at 3.)

It is well established that "[c]laims involving mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eight Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) (quoting *Cottrell v. Caldwell*, 8 F.3d 1480, 1490 (11th Cir. 1996)). Due process requires that prison officials provide all persons in custody with basic human necessities such as medical care and refrain from using excessive force. *Id*. at 1271-73; *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985)).

In the Amended Complaint, Zabriskie alleges that he was arrested on January 13, 2006, charged with disorderly conduct in violation of Section 877.03, Florida Statutes, and detained for nearly two months. (Doc. No. 22 ¶¶ 13, 17-18.) Zabriskie contends that during this detention he was refused medical care, assaulted by jail personnel, abused, and forced to take unnecessary and unwanted psychiatric medication. (*Id*. ¶ 18.) This alleged mistreatment implicates fundamental rights secured by the Fourteenth Amendment. *See Bozeman*, 422 F.3d at 1271. Finding no other arguments from the City regarding the alleged substantive due process violations, the Court declines to dismiss Zabriskie's Fourteenth Amendment claims at this juncture.

### III.  Count VIII - Intentional Infliction of Emotional Distress

Count VIII alleges that the Defendants intentionally inflicted emotional distress upon Zabriskie.  (Doc. No. 22 ¶ 58.)  The City moves to dismiss Count VIII, arguing that it is entitled to sovereign immunity under Section 768.28, Florida Statutes.  (Doc. No. 27 at 6-7.)

To state a claim for intentional infliction of emotional distress under Florida law, a plaintiff must allege: "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) proof that the conduct caused the severe emotional distress." *Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002) (*citing Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990)); *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985).

Florida statutory law provides cities with sovereign immunity from suit when certain tort causes of action are brought against it.  More specifically, Section 768.28, Florida Statutes, provides that "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . committed with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).  Because the "intent or reckless conduct" requirement of the intentional infliction of emotional distress claim "is the equivalent of willful and wanton conduct" described in Fla. Stat. § 768.28(9)(a) as within the scope of conduct subject to sovereign immunity, the claim of intentional infliction of emotional distress against the City is barred by sovereign immunity.  *Samedi v. Miami-Dade County*, 134 F. Supp. 2d 1320, 1353 (S.D. Fla. 2001) (quoting *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th

DCA 1993)).  Accordingly, Count VIII will be dismissed to the extent it alleges a claim of intentional infliction of emotional distress against the City.[4]

## IV. The Kissimmee Police Department

In the Amended Complaint, Zabriskie names the "City of Kissimmee, a/k/a Kissimmee Police Department" as a party to the present action.  (Doc. No. 22 ¶ 12.)  Zabriskie served process on both the City and the Kissimmee Police Department. (Doc. Nos. 23-26.)  In its Motion to Dismiss, the City maintains that the Kissimmee Police Department should be dismissed and that service of process upon the Kissimmee Police Department should be quashed because the Kissimmee Police Department is not subject to suit.  (Doc. No. 27 at 7.)  Zabriskie provides no response in opposition.  (Doc. No. 31.)

The Eleventh Circuit has noted that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit."  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  However, "capacity to sue or be sued shall be determined by the law of the state in which the district is held."  *Id*. (citing Fed. R. Civ. P. 17(b)).  Under Florida law, municipalities have the power to sue and be sued, *see* Art. VIII, § 2(b), Fla. Const.; Fla. Stat. § 166.021, but this does not necessarily extend to a police department.  Instead, "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing function, it is not an entity subject to suit."  *Fla. City Police Dept. v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (quoting *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1998)).  Florida courts have

---

[4] In its Motion to Dismiss, the City also argues that "[t]he state law malicious prosecution claim against the City of Kissimmee should [] be dismissed as a matter of law . . . ." (Doc. No. 27 at 5.)  Notwithstanding the potential merits of the City's argument, the Amended Complaint does not allege that the City or any other party maliciously prosecuted Zabriskie.  Therefore, the City's request to dismiss the malicious prosecution claim is not ripe and will not be addressed by the Court at this juncture.

consistently found that city police departments are *not* separate legal entities subject to suit. *See, e.g.,* *Ball v. City of Coral Gables*, 548 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008); *Eddy*. 715 F. Supp. at 1556; *Pierre v. Schlemer*, 932 F. Supp. 278, 283 (M.D. Fla. 1996); *Corcoran*, 661 So. 2d at 410.

In the present case, the Amended Complaint lists the "City of Kissimmee, a/k/a Kissimmee Police Department" as a single Defendant. (Doc. No. 22 at 1, 4.)  While the City is correct in noting that the Kissimmee Police Department is not a legal entity subject to suit under Florida law, the Kissimmee Police Department is not a party to the present action, there are no claims stated against it, and therefore it is not subject to dismissal.  In the interests of clarity, however, the phrase "A/K/A Kissimmee Police Department" shall be stricken from the case caption.  Moreover, because the Kissimmee Police Department is not a defendant in the present controversy, service of process upon the Kissimmee Police Department was improper.  *See* Fed. R. Civ. P. 4(a) ("A summons must: . . . be directed to the defendant . . . .").  Accordingly, the service of process upon the Kissimmee Police Department will be quashed.

## V.  Punitive Damages

In the Amended Complaint, Zabriskie seeks an award of punitive damages against the City. (Doc. No. 22 at 18.)  In its Motion to Dismiss, the City argues that the punitive damages claims should be dismissed because punitive damages are not available to Zabriskie under either federal or state law.  (Doc. No. 27 at 8.)

Under federal law, municipal defendants are immune from punitive damages.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.").  The City is a municipality incorporated under the

Case 6:10-cv-00070-PCF-KRS   Document 32   Filed 10/04/10   Page 9 of 10 PageID 151

laws of the State of Florida. Fla. Stat. § 165.041. Therefore, Zabriskie may not recover punitive damages against the City for the alleged violations of 42 U.S.C. § 1983 in Counts I through IV.

Under Florida law, a plaintiff asserting tort claims is not entitled to recover punitive damages against the state, its agencies, or its subdivisions. Fla. Stat. § 768.28(5); *Avallone v. Board of County Comm'r of Citrus County*, 493 So. 2d 1002, 1004 (Fla. 1986) ("Unlike private tortfeasors, government tortfeasors are not liable for punitive damages or prejudgment interest."). Thus, Zabriskie may not recover punitive damages against the City for the false imprisonment, negligence, negligent supervision, and intentional infliction of emotional distress claims asserted in Counts V through VIII.

Finding no claim in the Amended Complaint under which the City may be held liable to Zabriskie for punitive damages, the claim for punitive damages against the City will be dismissed.

### Conclusion

Based on the foregoing, the Motion to Dismiss by the City of Kissimmee (Doc. No. 27) is **GRANTED in part** and **DENIED in part** as follows:

1.     The Motion is **GRANTED** to the extent the City seeks to dismiss the claims in Counts I, II, and IV alleging that it violated Zabriskie's Fifth Amendment rights;

2.     The Motion is **GRANTED** to the extent the City seeks to dismiss the intentional infliction of emotional distress claim against it in Count VIII;

3.     The Motion is **GRANTED** to the extent the City seeks to quash service of process upon the Kissimmee Police Department;

4.     The Motion is **GRANTED** to the extent the City seeks to dismiss the punitive damages claims against it; and

-9-

5.      The Motion is **DENIED** in all other respects.

Plaintiff has leave to file a Second Amended Complaint that comports with this Order within fourteen (14) days from the date of this Order.  If Plaintiff fails to timely submit a Second Amended Complaint, this action will proceed solely on the well-pled claims under the Amended Complaint. The phrase "A/K/A Kissimmee Police Department" shall be stricken from the case caption.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties

-10-